# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MOUSTAPHA BAYO, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 2:10-CV-00132-WCO |
| | :: | |
| v. | :: | |
| | :: | |
| WILLIE JOE SCRIPTURE, d/b/a | :: | PRISONER CIVIL RIGHTS |
| Southern Restaurant Mgmt., Inc., | :: | 42 U.S.C. § 1983 |
| Defendant. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at the Forsyth County Detention Center in Cumming, Georgia, has submitted this *pro se* civil rights action [1], seeking relief under 42 U.S.C. § 1983. The matter is now before the court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. The Legal Framework

### A. 28 U.S.C. § 1915(e)(2) Review

A federal court "shall dismiss" an *in forma pauperis* action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are

indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that *Twombly* "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

2

### B. 42 U.S.C. § 1983 Cause of Action Against a Private Actor

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotations omitted). Moreover, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

AO 72A
(Rev.8/82)

## II. Disposition

Plaintiff alleges that defendant, in violation of plaintiff's First Amendment rights, falsely accused plaintiff of coming to his office to kidnap and assault him and to commit armed robbery, when actually plaintiff came there only to beg for his job back. (Compl. 1.) Plaintiff has not set forth allegations sufficient to make out a § 1983 claim against defendant, a private actor, nor has he even alleged that defendant conspired with the Forsyth County Deputy Sheriff to whom defendant gave his allegedly false statement accusing plaintiff of criminal activity. Moreover, defendant's statement was not a violation of plaintiff's First Amendment rights, even if the statement was false and resulted in plaintiff's arrest.

Accordingly, the court finds that plaintiff's complaint fails to state a claim on which relief may be granted, and it is hereby **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**, this 27th day of August, 2010.

> s/*William C. O'Kelley*
> WILLIAM C. O'KELLEY
> Senior United States District Judge